# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-3160

_____

United States of America

*Plaintiff - Appellee*

v.

Andrew Jerome Bigbee

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: October 21, 2025
Filed: July 17, 2026
[Unpublished]

_____

Before L.R. SMITH, KELLY, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Law enforcement officers found large quantities of methamphetamine and evidence of drug trafficking after searching Andrew Bigbee's motorhome and residences in Richfield and Elko, Minnesota. During the search of the Elko residence, law enforcement seized Bigbee's cell phone. Twenty-two months later, the government searched the cell phone and uncovered more evidence, including

photographs of methamphetamine. A grand jury indicted Bigbee on one count of conspiracy to distribute methamphetamine (Count One) and three counts of possession with intent to distribute methamphetamine (Counts Two, Three, and Four) in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. A few days before trial, Bigbee moved to suppress the evidence the government found on his cell phone. The district court[1] denied the motion, in part, because it was untimely. Bigbee's case then proceeded to trial, where he moved for judgment of acquittal after the government's case-in-chief, arguing the government failed to present sufficient evidence from which a reasonable jury could convict him on any count. The district court also denied this motion, and the jury ultimately convicted Bigbee on all counts. Bigbee now appeals the denial of his motion to suppress and for judgment of acquittal. We affirm.

Taking the two issues in turn, a motion to suppress is generally subject to a mixed standard of review, with the factual findings reviewed for clear error and the motion's denial reviewed de novo. *United States v. Mayo*, 97 F.4th 552, 555 (8th Cir. 2024). But when a motion to suppress is denied as untimely, as was the case here, we review for abuse of discretion. *See United States v. King*, 854 F.3d 433, 443 (8th Cir. 2017).

Bigbee argues the government's search of his cell phone was unreasonable because the government waited too long to search it. But he failed to address the district court's conclusion that his motion was untimely on appeal. Because claims not raised in an appellant's brief are deemed waived, we affirm here. *See Jenkins v. Winter*, 540 F.3d 742, 751 (8th Cir. 2008).

Turning to Bigbee's motion for acquittal, he argues the government did not present sufficient evidence to support his conviction on any count. "We review the sufficiency of the evidence de novo, viewing evidence in the light most favorable to the government, resolving conflicts in the government's favor, and accepting all reasonable inferences that support the verdict." *United States v. Hayward*, 124 F.4th

[1]The Honorable John R. Tunheim, United States District Judge for the District of Minnesota.

1113, 1120 (8th Cir. 2025) (quoting *United States v. Thompson*, 881 F.3d 629, 632 (8th Cir. 2018)).[2]

Starting with Count One, to prove conspiracy to distribute methamphetamine, the government must show "(1) a conspiracy to distribute methamphetamine existed; (2) the defendant knew about the conspiracy; and (3) the defendant knowingly became a part of the conspiracy." *United States v. Garcia*, 646 F.3d 1061, 1066 (8th Cir. 2011). "The conspiracy's existence may be proved by direct or circumstantial evidence." *United States v. Milk*, 66 F.4th 1121, 1135 (8th Cir. 2023) (quoting *United States v. Cain*, 487 F.3d 1108, 1111 (8th Cir. 2007)). "The jury may rely on the testimony of a co-conspirator to determine whether the defendant knew of and intentionally joined the conspiracy." *United States v. Agena*, 138 F.4th 1063, 1071 (8th Cir. 2025).

Here, the government presented sufficient evidence to support Bigbee's conviction on Count One. The government introduced evidence that law enforcement recovered approximately 30 pounds of methamphetamine, hundreds of thousands of dollars in cash, and other items associated with drug distribution, including firearms, money counters, digital scales, and plastic bags during the searches of Bigbee's residences and motorhome. Two witnesses also testified they conspired with Bigbee to obtain methamphetamine from Arizona to distribute in Minnesota. And the government introduced text messages from Bigbee facilitating the purchase of drugs in Arizona with two individuals who were arrested in Arizona

---

[2]After the close of the government's evidence, Bigbee moved for acquittal, which the district court denied. He did not renew his motion for acquittal at the close of all evidence as required by Federal Rule of Criminal Procedure 29. Our precedent conflicts as to whether a motion for acquittal must be renewed at the close of the defendant's case where he put on his own evidence, if the motion was already made at the close of the government's case. *See King*, 854 F.3d at 441 (noting the conflict); *see also United States v. Marble*, No. 23-1615, 2024 WL 3507643, at *2 n.3 (8th Cir. July 23, 2024) (explaining the conflict). Regardless of whether de novo or plain error review is proper here, we affirm.

after setting a rental car containing approximately 12 pounds of methamphetamine on fire.

Turning to Counts Two, Three, and Four, to prove possession with intent to distribute methamphetamine, the government must show Bigbee "(1) knowingly possessed a controlled substance and (2) intended to distribute some or all of it." *United States v. Thompson*, 686 F.3d 575, 583 (8th Cir. 2012). "Possession can be actual or constructive, and an individual has constructive possession of contraband if he has dominion over the premises in which the contraband is concealed." *Id.* (cleaned up). "Constructive possession need not be exclusive." *Id.* at 584.

As to Count Two, the government presented sufficient evidence for a reasonable jury to conclude Bigbee possessed methamphetamine with intent to distribute at his Richfield residence. The government's evidence showed that law enforcement officers executed a search warrant at Bigbee's Richfield residence. At the residence, officers found Bigbee inside the residence's detached garage with dishware containing methamphetamine, two firearms, $8,800, a money counting machine, a digital scale, plastic bags, and mail addressed to Bigbee. In the attached garage, officers found approximately one pound of methamphetamine. While Bigbee puts forth a theory that the methamphetamine found in the attached garage belonged to two other people who were present during the search, this is insufficient to overturn the jury's verdict. *See United States v. Burch*, 113 F.4th 815, 822 (8th Cir. 2024) ("[E]ven if [the defendant]'s alternative theories are within the realm of possibility, they do not give us reason to overturn the jury's verdict.").

Regarding Count Three, the government presented sufficient evidence for a reasonable jury to conclude Bigbee possessed methamphetamine in his motorhome with intent to distribute. Specifically, the government's evidence demonstrated that when officers executed a search warrant on the motorhome, they found documents, receipts, and an identification card supporting Bigbee's residence in and control over the motorhome. They also uncovered about 12 pounds of methamphetamine, over $300,000, digital scales, a money counting machine, a vacuum sealer, and plastic bags. Officers submitted some of the drug packaging for forensic testing, and it

revealed a partial male DNA profile matching Bigbee. Officers also seized Bigbee's cell phone from the motorhome, which contained detailed communications consistent with drug trafficking. And two witnesses, including Bigbee's girlfriend, testified that Bigbee sold methamphetamine out of the motorhome. Bigbee argues this evidence is insufficient because he remained in the motorhome for an extended time after officers arrived and would have destroyed the methamphetamine had he known about it. However, the jury heard this argument at trial and rejected it, and we will not second-guess the jury's credibility determinations. *See United States v. Hassan*, 844 F.3d 723, 726 (8th Cir. 2016).

With respect to Count Four, the government presented sufficient evidence for a reasonable jury to conclude Bigbee possessed methamphetamine in his Elko residence with intent to distribute. The government's evidence showed that Bigbee and his girlfriend began living together in the Elko residence after Bigbee was released from a prior stint in jail. Officers later went to this residence to execute arrest warrants against Bigbee and his girlfriend, along with a search warrant for the residence. Officers arrested Bigbee, searched the home, and found over 17 pounds of methamphetamine, money, Bigbee's cell phone, and a firearm. Bigbee's girlfriend and another witness testified that Bigbee lived at the Elko residence and sold methamphetamine out of it.

Bigbee attacks the credibility of the government's witnesses on each count. But assessing witness credibility "is uniquely within the province of the trier of fact," and "we cannot pass upon the credibility of witnesses or the weight to be given their testimony." *Hassan*, 844 F.3d at 726 (8th Cir. 2016). So this argument is unavailing.

In conclusion, we affirm the district court's denial of Bigbee's motion to suppress because he waived his timeliness argument and failed to demonstrate good cause for his motion. And we affirm the denial of his motion for acquittal because, viewing the evidence in the light most favorable to the verdict and accepting the jury's credibility determinations, the government presented sufficient evidence of Bigbee's guilt on each count.

_____